J-S02043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSEPH HARVILLE | |
| Appellant | No. 439 EDA 2015 |

Appeal from the PCRA Order entered February 20, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0012109-2008

BEFORE:  SHOGAN, LAZARUS, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                     **FILED MARCH 15, 2016**

Appellant, Joseph Harville, appeals *pro se* from the February 20, 2015 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Police arrested Appellant on April 4, 2008 and charged him with murder, conspiracy, burglary, and related offenses.  On July 8, 2011, a jury found Appellant guilty of all the charges against him.  The trial court imposed life imprisonment without parole for second-degree murder.

On December 7, 2012, this Court vacated Appellant's burglary conviction but otherwise affirmed the judgment of sentence.  Our Supreme Court denied Appellant's petition for allowance of appeal on October 23, 2013.

Appellant filed this timely first PCRA petition on January 28, 2014. On December 4, 2014, appointed counsel filed a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Appellant responded to the no merit letter on December 24, 2014. On January 21, 2015, the PCRA court issued a notice of intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. On February 20, 2015, the PCRA court issued the order on appeal dismissing Appellant's petition and permitting counsel to withdraw. This timely *pro se* appeal followed.

Appellant raises five issues for our review:

> 1. Whether the PCRA Court erred where it failed to hold an evidentiary hearing; where Appellant demonstrated a "layered claim" of ineffective assistance was effectuated in the instant case?
>
> 2. Whether the PCRA court erred where the Commonwealth had 'lacked jurisdiction' under the commanality [sic] clause of reenactment, where the elemental requisites of offense of, Burglary can/were-not [sic], as the requisite language as Statutorily stipulated, predates the repealed savings Clause and said adoption dates and said language cannot, thusly so, dates back to a repealed date of effectiveness absent some special provisions (savings-Clause [sic]), for that purpose?
>
> 3. Whether the PCRA court erred where the Relaters [sic] Due Process rights were violated where relators' liberty interest pursuant to, (Pa.R.Crim.P. 571) was ignored as to specific offenses' [sic] for which a jury had impermissible rendered a verdict for which relator was not arraigned and/or was considered by said jury in derogation of Due Process?

- 2 -

4. Whether the PCRA court erred where Appellate [sic] clearly had (est)ablished [sic] a colorful showing of ineffective assistance and where the PCRA court failed to hold an evidentiary hearing on it's [sic] merits?

5. Is the Appellant entitled a [sic] new sentencing hearing based on [a] newly recognized constitutional ruling ... [i]n [**Commonwealth v. Newman**, 99 A.d 86 (Pa. Super. 2014) (*en banc*)], where it has been [held] to amend [sic] to an existing brief within (60)-day [sic] [filing] period begins to run upon the [date] of the underlying judicial decision of the [date] of, August 7, 2015 [?] and, [because] Appellant suffered a mandatory minimum sentence statute in his case pursuant to [**Newman**] and therefore his imposition of sentence is 'illegal' and 'unconstitutional'?

Appellant's Brief at 6, Appellant's Amended Brief at 3.[1]

"In PCRA proceedings, an appellate court's scope of review is limited by the PCRA's parameters; since most PCRA appeals involve mixed questions of fact and law, the standard of review is whether the PCRA court's findings are supported by the record and free of legal error." **Commonwealth v. Pitts**, 981 A.2d 875, 878 (Pa. 2009). A PCRA court may dismiss a petition without a hearing when the petition does not present an issue of material fact, when the PCRA court believes the petitioner is not entitled to relief, and when a hearing would serve no purpose. Pa.R.Crim.P. 909(B)(2).

_____

[1] Appellant filed an amended brief to assert that his sentence is illegal under **Alleyne v. United States**, 133 S.Ct. 2151 (2013). As we will explain in the main text, that contention is without merit.

Appellant argues the PCRA court erred because Appellant's counsel rendered constitutionally ineffective assistance. To establish counsel's ineffectiveness, a PCRA petitioner must plead and prove: (1) the underlying issue is of arguable merit; (2) counsel lacked a strategically reasonable basis for the act or omission; and (3) the petitioner suffered prejudice in that counsel's ineffectiveness affected the result of the proceeding. *Commonwealth v. Harris*, 852 A.2d 1168, 1173 (Pa. 2004).

Appellant first argues the trial court erred in failing to consider Appellant's layered claim of ineffective assistance. Appellant argues he "suffered upon a layered claim of ineffectiveness" because he had different counsel for trial and direct appeal.[2] Appellant's Brief at 10. Appellant's first argument fails to specify the substantive claim of ineffective assistance, and therefore it does not merit relief.

_____

[2] This Court has explained:

> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" [*Commonwealth v. Collins*, 888 A.2d 564, 584 (Pa. 2005) (Saylor, J. concurring)]; […] In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue.

*Commonwealth v. Rykard*, 55 A.3d 1177, 1190 (Pa. Super. 2012) (some citation omitted), *appeal denied*, 64 A.3d 631 (Pa. 2013).

Appellant's argument in support of his second assertion of error is largely unintelligible. He appears to argue the trial court lacked jurisdiction over the burglary charge against him because the crime of burglary no longer exists after the 1968 Pennsylvania Constitution. This Court considered and rejected that argument in **Commonwealth v. Stultz**, 114 A.3d 865 (Pa. Super. 2015), *appeal denied*, 125 A.3d 1201 (Pa. 2015). To the extent we can understand Appellant's second argument, **Stultz** is directly on point and controlling.[3] Appellant's second argument fails.

Appellant next asserts that trial counsel was ineffective for failing to object to the Commonwealth's failure to arraign Appellant on his burglary charge. The record does not support Appellant's contention. The record reflects the Commonwealth arraigned Appellant on October 15, 2008, in accord with Pa.R.Crim.P. 571. Appellant does not argue otherwise. Rather, Appellant's challenge pertains to a proceeding immediately prior to trial during which the court crier, in announcing the charges against Appellant, neglected to read the burglary charge and ask for Appellant's plea. N.T. Trial, 6/29/11, at 5-6. Appellant cites no law supporting his argument that the court crier's omission precluded a trial on the burglary charge. Even if

_____

[3] The 1968 Constitution amended the 1874 Constitution via a limited Constitutional Convention as well as through other amendments. **Stultz**, 114 A.3d at 875.

such law existed, Appellant could not obtain relief because this Court vacated Appellant's burglary conviction on direct appeal.[4] Appellant's third argument does not merit relief.

For his fourth assertion of error, Appellant claims the PCRA court erred in dismissing his petition without a hearing. As we noted above, the PCRA court may dismiss a petition without a hearing if the petition does not present an issue of material fact. Pa.R.Crim.P. 909(B)(2). Appellant has not established the existence of any material fact relevant to any of his claims. We therefore conclude the PCRA court did not err in declining to conduct a hearing.

Appellant's final assertion of error appears in his supplemental brief.[5] He argues his sentence is illegal pursuant to **Alleyne**. In **Alleyne**, the United States Supreme Court held any fact triggering a mandatory minimum sentence must be submitted to a jury and found beyond a reasonable doubt. **Alleyne** rendered many of Pennsylvania's mandatory minimum statutes unconstitutional. **See**, **e.g.**, **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

---

[4] We observe that our decision to vacate Appellant's burglary conviction did not affect the second-degree murder conviction. A conviction for second-degree murder does not require a conviction for the underlying felony. **Commonwealth v. Miller**, 35 A.3d 1206, 1213 (Pa. 2012).

[5] Appellant did not seek permission to file a supplemental brief.

*Alleyne* does not apply here because Appellant was not subjected to a mandatory minimum based on judicial fact-finding. Appellant's mandatory life sentence resulted from the jury's conviction for second-degree murder.[6] Appellant cannot obtain relief under *Alleyne*.

In summary, we have concluded that all of Appellant's arguments lack merit. We therefore affirm the order dismissing Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2016

---

[6] Additionally, *Alleyne* applies only to cases pending on direct appeal as of the date of the *Alleyne* decision. *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); *see also Commonwealth v. Ruiz*, ___ A.3d ___, 2105 WL 9632089 (Pa. Super. December 30, 2015).